PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS DE LA CRUZ, | ) | |
| | ) | CASE NO. 4:11-cv-00137 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** (Resolving ECF Nos. 22, |
| Defendants. | ) | 23 and 29) |

This is a pro se prisoner civil rights case arising out of plaintiff Luis de la Cruz's

exposure to tear gas during a prison training exercise.

De la Cruz sued defendants, United States of America, Correction Corporation of

America, and Northeast Ohio Correctional Center (NEOCC)Warden Roddie Rushing, alleging,

*inter alia*, that defendants violated his Eighth Amendment rights by acting with deliberate

indifference to his medical needs.

Pending are Rushing's motion to dismiss (ECF No. 22), motion for summary judgment

(ECF No. 23), and motion to strike plaintiff's reply (ECF No. 29). For the reasons that follow,

the Court grants Rushing's motion to dismiss and, alternatively, grants Rushing's motion for

summary judgment, rendering Rushing's motion to strike moot.

Jurisdiction is proper under 28 U.S.C. § 1331.

(4:11cv137)

## I. Background

De la Cruz is an inmate at the NEOCC. On September 23, 2010, prison staff conducted a training exercise using a non-lethal form of chemical munitions commonly known as "tear gas." Plaintiff contends that he was improperly exposed to tear gas while sleeping in his cell and prison staff failed to provide him with appropriate medical treatment after his exposure.

The NEOCC requires prisoners to follow a five-step grievance procedure. To comply with this policy, inmates must: (1) submit an informal resolution form (Prison Form 14-5A) within seven days after the alleged incident; (2) submit a formal grievance (Prison Form 14-5B) within five days after staff members respond to the Prison Form 14-5A; (3) appeal to the Warden (located on the bottom of page 2 of Form 14-5B) within five days after staff members respond to the Prison Form 14-5B; (4) appeal to the Bureau of Prisons (BOP) Administrator of the Privatization Management Branch (PMB) within thirty days of the Warden's response; and (5) appeal to the BOP National Inmate Appeals Administrator within thirty days of PMB's response.

On September 27, 2010, de la Cruz filed an "Inmate Request to Staff Member" requesting an explanation regarding why his prison unit was not evacuated during the drill. This form was not required by prison policy. On October 9, 2010, de la Cruz filed Prison Form 14-5A regarding the incident. On October 13, 2010, prison staff received de la Cruz's Prison Form 14-5A. On October 21, 2010, prison staff denied this request because de la Cruz filed it after the seven-day limitation period.

Next, de la Cruz filed Prison Form 14-5B regarding the incident. On October 29, 2010, prison staff received his form. Prison staff rejected the grievance because de la Cruz filed it more than five days after receiving his 14-5A response. De la Cruz left the "Inmate/Resident Appeal"

(4:11cv137)

section on the bottom of Prison Form 14-5B blank.

Apparently intending to advance his matter, de la Cruz filed a claim with the BOP Northeast Regional Office (NERO) for injuries he allegedly sustained during the prison exercise. On December 13, 2010, NERO reviewed and rejected de la Cruz's administrative claims.  NERO explained that the BOP was not liable under the Federal Tort Claims Act because NEOCC staff members are not defined as BOP employees.

The Court  previously dismissed de la Cruz's Federal Tort Claims Act, Due Process, and Eighth Amendment claims pertaining to this incident.  *See* ECF No. 5.  Accordingly, this action proceeds solely on de la Cruz's Eighth Amendment claim against Rushing for deliberate indifference to serious medical needs. *De la Cruz v. U.S.*, 2011 WL 2433583 (N.D. Ohio).

## I. Rushing's Motion to Dismiss

### A.    Standard of Review

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 556 U.S. at 678 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

(4:11cv137)

The reviewing court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, *supra*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**B.    Discussion**

**1.    Deliberate Indifference to Medical Needs**

Rushing argues that there are no factual allegations from which it can be inferred that he was deliberately indifferent to de la Cruz's serious medical needs. The court agrees.

To survive this motion to dismiss, de la Cruz must allege sufficient facts to show that Rushing acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. The Supreme Court defines "deliberate indifference to serious medical needs of prisoners . . . [as] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Such "deliberate indifference" claims are comprised of an objective and subjective component. *Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The objective component requires that the alleged deprivation be "sufficiently serious." *Farmer*, *supra*, 511 U.S. at 834; *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (seriousness of a prisoner's needs is evaluated by the "obviousness" approach). To meet this requirement, de la Cruz must point to a medical condition "that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the

(4:11cv137)

necessity for a doctor's attention."[1] *Blackmore*, *supra*, 390 F.3d at 897 (emphasis in original) (citing

*Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)).

Acute tear gas exposure, in-and-of-itself, is not a medical condition and does not meet the

objective requirement. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("The Supreme Court

has never held . . . that the use of tear gas or a chemical agent is a per se violation of the Eighth

Amendment, whether an inmate is locked in his cell or not."). Because de la Cruz does not contend

that he had any other diagnosed medical condition affected by tear gas exposure, he did not allege

sufficient facts to meet this component. *See*, *e.g.*, *Harris v. Curtin*, 656 F. Supp.2d 732, 736 (W.D.

Mich. 2009) (use of chemical agents against prisoner with a history of asthma who required two

inhalers).

The subjective component requires de la Cruz to demonstrate that Rushing had a "culpable

state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). This means that Rushing "[knew] of and

disregard[ed] an excessive risk to inmate health or safety." *Farmer*, *supra*, 511 U.S. at 837.

Furthermore, Rushing "must . . . both be aware of facts from which the inference could be drawn that

---

[1] Even liberally construed, *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (court is not required to create plaintiff's claim), plaintiff has not stated either an "obviousness" claim or a "delay in treatment" claim. *Blackmore*, *supra*, 890 F.3d at 898 ("This 'obviousness standard for determining a serious medical need is distinct from a separate branch of Eighth Amendment decisions where the seriousness of a prisoner's medical needs 'may also be decided by the effect of delay in treatment.'") (citing *Hill v. Dekalb Reg'l Youth Det. Center*, 40 F.3d 1176 (11th Cir. 1994)). While certainly unpleasant, tear gas exposure does not create an obvious medical condition that necessitates a doctor's attention. Likewise, de la Cruz's allegations do not fall within the parameters of a "delay in treatment" claim. *Napier*, 238 F.3d 739, 742 (6th Cir. 2001) ("An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed."). Because de la Cruz did not require a doctor's attention and he provided no medical evidence, he cannot assert a "delay in treatment" claim. Furthermore, even if such a claim was plausible, it fails on its face because it lacks the requite facts and supporting evidence.

(4:11cv137)

a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Preyor v. City of Ferndale*, 248 F. App'x 636, 642 (6th Cir. 2007).

De la Cruz makes no specific allegation that Rushing was personally aware of his situation. His claim fails to allege sufficient facts on that basis alone. Additionally, even if Rushing was personally aware of de la Cruz's situation, there was no substantial risk of serious harm from a training exercise that included the use of tear gas. Finally, de la Cruz does not explain how Rushing would draw the inference that de la Cruz individually needed medical attention, even if he had any substantial support for the other elements.

De la Cruz fails to show that Rushing "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d 752 (5th Cir. 2001) (internal citation omitted). Because de la Cruz failed to allege sufficient facts to meet either components of his deliberate indifference claim, Rushing's motion to dismiss must be granted.

## 2.    Vicarious Liability Under *Bivens* for Private Contractors

De la Cruz alleges that as NEOCC's Warden, Rushing acted under color of federal law which gives rise to a federal cause of action for damages stemming from unconstitutional conduct. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Essentially, de la Cruz claims that Rushing is vicariously liable due to his NEOCC position. I disagree.

The Supreme Court has held that a federal prisoner cannot assert a *Bivens* claim against employees of a privately operated prison for alleged violations of the prisoner's Eighth

(4:11cv137)

Amendment rights. *Minneci v. Pollard*, 132 S.Ct. 617, 619 (2012). Because Rushing is an

employee of a privately operated prison, he cannot be liable for alleged violations of de la Cruz's

Eighth Amendment rights.

Additionally, vicarious liability "does not apply in *Bivens* lawsuits to impute liability onto

supervisory personnel, unless it is shown 'that the supervisor encouraged the specific incident of

misconduct or in some other way directly participated in it.'" *Kesterson v. Luttrell*, 172 F.3d 48,

48 (6th Cir. 1998) (citations omitted). De la Cruz has failed to allege Rushing encouraged

misconduct or that he directly participated in the training exercise.

Thus, Rushing is not vicariously liable because he is an employee of the NEOCC, a

privately operated prison and he did not participate in or encourage any specific incident of

misconduct.  Accordingly, I grant Rushing's motion to dismiss.

### III.  Defendant's Motion for Summary Judgment

### A.      Standard of Review

A party is entitled to summary judgment under Fed. R. Civ. P. 56 when the opposing

party fails to show the existence of an essential element for which that party bears the burden of

proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the

absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to]

set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the

nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence

supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

(4:11cv137)

In deciding a motion for summary judgment, the reviewing court accepts the opponent's

evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image*

*Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered

in support of the motion show there is no genuine issue of a material fact and the movant is

entitled to judgment as a matter of law. *Celotex*, *supra*, 477 U.S. at 323; Fed. R. Civ. P. 56(a).

**B.      Discussion**

Rushing argues that he is entitled to summary judgment because de la Cruz failed to

properly exhaust his administrative remedies.  Specifically, Rushing argues de la Cruz failed to

follow all five grievance and appeals procedures provided for by the prison before filing suit in

this Court (ECF No. 23).

The Prison Litigation Reform Act (PLRA) requires an inmate to properly exhaust his

administrative remedies before pursuing legal action in federal court. 42 U.S.C. § 1997e(a) ("No

action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."). This applies to both prisoners

held in private and public facilities. *Boyd v. Corrections Corporation of America*, 380 F.3d 989,

994 (6th Cir. 2004).

While de la Cruz appears to believe[2] that he "exhausted [his] administrative remedies,"

(ECF No. 1-1) unquestionably, additional administrative remedies were still available. Prison

policy expressly provides for a five-step grievance process, including administrative appeals

---

[2] De la Cruz's subjective belief that he exhausted the administrative remedies does not excuse
him from the exhaustion requirement. *Napier*, 636 F.3d at 222 (citing *Brock v. Kenton County*,
93 F.App'x 793, 798 (6th Cir. 2004)).

(4:11cv137)

(ECF No. 23). De la Cruz only claims that he took advantage of the first four steps (ECF No. 28) and his own documentation only demonstrates conformity with the first two steps: "Informal Resolution" (14-5A) and "Inmate/Resident Grievance" (14-5B) (ECF No. 1).[3] Because de la Cruz's own submissions show that he did not properly exhaust all available administrative remedies, as required by the PLRA, Rushing is entitled to summary judgment.

**IV.  Rushing's Motion to Strike**

Because the Court has granted Rushing's motion to dismiss and motion for summary judgment, the Court dismisses Rushings's  motion to strike as moot.

**V.  Conclusion**

For the foregoing reasons it is hereby

ORDERED THAT:

1. Rushing's motion to dismiss, ECF No. 22, is granted;

2. Rushing's motion for summary judgment, ECF No. 23, is granted; and

3. Rushing's motion to strike, ECF No. 29, is dismissed as moot.

IT IS SO ORDERED.


  September 28, 2012                              /s/ Benita Y. Pearson
Date                                           Benita Y. Pearson
                                               United States District Judge

---

[3] Likewise, de la Cruz cannot be excused from the exhaustion requirement because his grievance was denied for lack of timeliness. Proper exhaustion of administrative remedies is required even when prisoners miss deadlines set by the prison's grievance policy. *Woodford v. Ngo*, 548 U.S. 81, 91 (2006).